IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANICE PAUL

     Plaintiff,

-VS-

                                            CASE NO.:

BANK OF AMERICA, N.A.,

     Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff, Janice Paul, by and through the undersigned counsel, and sues Defendant, BANK OF AMERICA, N.A., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

## INTRODUCTION

1.     The TCPA was enacted to prevent companies like BANK OF AMERICA, N.A. from invading American citizen's privacy and prevent abusive "robo-calls."

2.     "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3.     "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give

telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

2. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

4. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

5. Venue is proper in this District as Plaintiff resides within this District (Sarasota County, Florida), the violations described in this Complaint occurred in this District and the Defendant transacts business within Sarasota County, Florida.

## FACTUAL ALLEGATIONS

6.      Plaintiff is a natural person, and citizen of the State of Florida, residing in Sarasota County, Florida

7.      Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

8.      Plaintiff is an "alleged debtor."

9.      Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10.     Defendant is a corporation which was formed in Delaware with its principal place of business located at 100 N. Tryon Street, Charlotte, NC 28255.

11.     The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

12.     Defendant called Plaintiff on Plaintiff's cellular telephone approximately 200 times since September, 2015 in an attempt to collect a debt.

13.     Defendant attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

14.     Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day and on back to back days, with such frequency as can reasonably be expected to harass.

15.     Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast

number of calls she received and because she received prerecorded messages from the Defendant.

16.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (941) ***-6390 and was the called party and recipient of Defendant's calls.

17.     Beginning on or about September 2015, the Defendant began bombarding Plaintiff's cellular telephone in an attempt to collect on an automobile loan. At some point in December, 2015, Plaintiff requested that the calls stop. Unfortunately, the Defendant failed to honor this request and called the Plaintiff over 100 times in violation of the TCPA.

18.      Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

19.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or , to remove the number.

20.     Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant that they wish for the calls to stop.

21.     Defendant has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

22.     Defendant has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

23.     Defendant has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

24.     Defendant's corporate policy provided no means for Plaintiff to have his number removed from Defendant's call list.

25.     Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

26.     Not a single call placed by Defendant to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

27.     Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

## COUNT I
### (Violation of the TCPA)

28.     Plaintiff fully incorporates and re-alleges paragraphs 1 through 27 as if fully set forth herein.

29.     Defendant willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified that she wished for the calls to stop.

30.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against  for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

31.     Plaintiff fully incorporates and re-alleges paragraphs 1 through 27 as if fully set forth herein

32.     At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

33.      Defendant has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

34.     Defendant has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

35.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against  for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Frank H. Kerney, III, Esquire*
Frank H. Kerney, III, Esquire
Florida Bar #:  88672
Morgan & Morgan, Tampa,  P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
Fax:  (813) 223-5402
Attorney for Plaintiff